FILED 177
Mr. Stephen Bradford, Commissioner Office of Administration Room 125, State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Bradford:
On August 31, 1976, we issued our Opinion No. 166 to J. Neil Nielsen, Commissioner of Administration, respecting reimbursement to counties for the cost of board of prisoners pursuant to Chapter 550, RSMo and House Bill No. 1130, Second Regular Session, 78th General Assembly. We expressed the view that the responsibility of the state under such sections was limited to only the cost of food service, cook hire and food preparation, food cooking and food service equipment and related utilities. We have reviewed that opinion in detail and we are now of the view that such opinion was in error. Therefore, Opinion No. 166-1976 is withdrawn.
Section 2 of House Bill No. 1130, Second Regular Session 78th General Assembly, (Section 221.105, RSMo Supp. 1976), provides:
 "1. The governing body of any county and of any city not within a county shall fix the amount to be expended for the cost of incarceration of prisoners confined in jails or medium security institutions. The per diem cost of incarceration of these prisoners chargeable by the law to the state, shall be determined, subject to the review and approval of the office of administration.
 "2. The actual costs chargeable to the state shall be seventy-five percent of the allowable per diem cost or eight dollars per day per person, whichever is less."
This law repealed Section 221.110, RSMo 1969, and Sections66.500, 221.090 and 221.100, RSMo Supp. 1975. The law also repealed and reenacted with amendments Section 216.221, RSMo Supp. 1975, relating to halfway houses. This latter repeal and amendment is not pertinent to the present question.
All the other sections which were repealed concerned the boarding of prisoners. That is, Section 221.090, RSMo Supp. 1975, related to the boarding of prisoners in second, third and fourth class counties and provided that when the state was liable under existing laws for the costs, the bill of costs was to include all fees which were properly chargeable to the state for the board of the prisoner. Section 221.100, RSMo Supp. 1975, related to first class counties and provided the county court would fix the amount to be expended by the sheriff for the board of prisoners and the amount so fixed was to be taxed as costs against convicted prisoners and that board chargeable by law to the state would be paid by the state. Section 221.110, RSMo 1969, applied to the City of St. Louis and provided that the municipal assembly would fix the amount to be expended per diem for the board of each prisoner confined in jail and the amount so fixed was to be taxed as costs against prisoners who were convicted and the board of the prisoners which was chargeable by law to the state would be paid by the state. That section also provided for a maximum of three dollars per day per person.
Section 66.500, RSMo Supp. 1975, related to St. Louis County and contained provisions substantially similar to those relating to St. Louis City as provided in Section 221.110.
In the First Regular Session of the 78th General Assembly, there was an attempt made in House Committee Substitute for House Bill No. 427 to amend Sections 66.500 and 221.110. The bill was truly agreed to and finally passed; however, it was vetoed by the Governor for the reasons stated in his veto message of July 28, 1975. We mention this bill, however, because it is interesting to note that Section 66.500 was proposed to be amended to substitute the terminology "cost of incarceration" for the word "board" in the first paragraph of that section and to substitute the amount of eight dollars per day maximum for three dollars per day in the second paragraph of such section. Section 221.110 would have been amended also to substitute "cost of incarceration" for the word "board," to add "or medium security institution" after the word "jail," and also to raise the maximum to eight dollars per day from three dollars.
Apparently House Bill No. 1130, Second Regular Session, 78th General Assembly, which is questioned here, was a response to the veto of House Bill No. 427. In its final form it appears to be taken from the language of Sections 66.500 and 221.110 with certain obvious changes. That is, Section 2.1 of House Bill No. 1130 applies to the governing body of any county and any city not within a county. It obviously contains the words "cost of incarceration" instead of "board" and retains a maximum payable by the state in those cases where the charges are by law required to be paid by the state.
It is our view that the legislature in using the terminology "cost of incarceration of prisoners" intended that the term "incarceration" would be interpreted as being broader than the term "board". Although the provision states that the "per diem cost of incarceration of these prisoners chargeable by law to the state,
shall be determined subject to the review and approval of the office of administration", we are of the view that the underscored terminology refers to prisoners and not to the "cost" and therefore the provisions of Chapter 550, RSMo, which prohibit the state from paying any costs which are incurred on behalf of a convicted defendant, except the costs of board, are not qualifications to or limitations on the provision in question relating to the "cost of incarceration of prisoners."
We conclude that the provisions of House Bill No. 1130, which is presently designated as Section 221.105, RSMo Supp. 1976, authorizes the state to pay for the costs of incarceration of prisoners so confined whose confinement is chargeable to the state, subject to the review and approval as provided, up to seventy-five percent of the allowable per diem cost or eight dollars per day per person, whichever is less.
Questions concerning items respecting the "costs of incarceration of prisoners" should be resolved by the Office of Administration pursuant to its authority to review and approve per diem costs of such prisoners under Section 221.105.
CONCLUSION
It is the opinion of this office that the per diem costs of incarceration of prisoners for which the state is responsible under the provisions of Chapter 550, RSMo, are to be determined by the Office of Administration pursuant to the provisions of Section 221.105, RSMo Supp. 1976.
Very truly yours,
 JOHN ASHCROFT Attorney General